FILED

**NOT FOR PUBLICATION**

JUL 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10259 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00155-PMP-GWF-2 |
| v. | |
| MARTIN ALVAREZ-RODRIGUEZ, a.k.a. Delfino Sotelo-Ortega, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted July 13, 2010[**]
San Francisco, California

Before: FERNANDEZ and TALLMAN, Circuit Judges, and HOGAN, Senior
United States District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Thomas F. Hogan, Senior United States District Judge
for the U.S. District Court for the District of Columbia, sitting by designation.

Defendant-Appellant Martin Alvarez-Rodriguez ("Alvarez") was convicted after a jury trial of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii), two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). Alvarez was sentenced to three terms of life imprisonment and two terms of 120 months imprisonment, all sentences to be served concurrently.

Alvarez appeals his conviction arguing (1) that he was deprived of his Sixth Amendment right to counsel when his three motions to substitute counsel were denied, and (2) the admission of his letter to the Assistant United States Attorney originally assigned to his case was plain error requiring reversal of his conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts of the case so we do not repeat them here. The district court did not abuse its discretion in denying Alvarez's motions to substitute counsel. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009) (setting forth the standard of review and the established test requiring us to consider the timeliness of the motion, the adequacy of the district

court's inquiry, and whether the conflict led to a complete breakdown in communication with counsel (citing *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir. 2005))).

First, only the first motion was arguably timely, as it was made approximately two months before trial was scheduled to begin. *See id.* However, considering the large volume of discovery involved in the case, a continuance likely still would have been necessary so that new counsel could properly prepare for trial.

Second, the court made the appropriate inquiries into Alvarez's reasons for requesting substitute counsel on all three occasions. *See id.* ("The inquiry must be 'adequate to create a sufficient basis for reaching an informed decision.'" (quoting *United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000))).

Third, there was not an "extensive, irreconcilable conflict" between Alvarez and his counsel such that there was "a significant breakdown in communication that substantially interfered with the attorney-client relationship." *Id.* at 943 (citations omitted). Alvarez had already twice obtained new counsel. *See id.* Alvarez's attorney demonstrated no animus toward Alvarez. *See id.* Most importantly, the conflict arose because Alvarez refused to go to trial or accept the plea deal offered by the government; no new attorney could break this deadlock.

3

*See id.* at 944 (stating that conflict arising from defendant's "general unreasonableness or manufactured discontent" was insufficient to require substitution of counsel (quoting *United States v. Smith*, 282 F.3d 758, 764 (9th Cir. 2002))).

The district court did not commit plain error when it allowed the government to place into evidence a letter, written by the defendant and mailed to the Assistant United States Attorney formerly assigned to his case, begging for a more lenient plea bargain. *See United States v. Sioux*, 362 F.3d 1241, 1244 n.5 (9th Cir. 2004) (finding plain error review proper when defendant does not object to admission of evidence at trial). Even assuming, for the sake of argument, that admission of the letter was error, considering the overwhelming evidence of Alvarez's guilt it is clear that the admission of the letter did not materially affect the verdict. *See United States v. Bryan*, 868 F.2d 1032, 1039 (9th Cir. 1989) ("There must be a high probability that the error materially affected the verdict.").

**AFFIRMED.**